IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UMG RECORDINGS, INC., et al.,
    Plaintiffs,

v.                               Case No.: 3:06cv34/MCR/EMT

DEANNA GIBSON,
    Defendant.
_____/

**ORDER**

    This cause is before the court on Plaintiffs' Motion to Deem Requests for Admissions Admitted and Extend Deadlines or, in the Alternative, to Compel Discovery Responses and Extend Deadlines (Doc. 22). On October 13, 2006, this court ordered Defendant to respond to Plaintiffs' motion by Wednesday, October 25, 2006 (Doc. 23). Defendant has not responded.

    On June 6, 2006, Plaintiffs propounded their first set of requests for production, first set of interrogatories, and first request for admissions upon Defendant (Doc. 22 ¶ 1). In Plaintiffs' motion to compel, counsel contends that Defendant failed to respond to any of the requests (*id*. ¶¶ 2–4).

    The Federal Rules of Civil Procedure provide that a party may serve written interrogatories upon another party. Fed. R. Civ. P. 33(a). Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. *Id.* 33(b)(1). The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any failure to answer an interrogatory. *Id.* 33(b)(5).

    The Rules also provide that a party may serve requests for production of documents which are "in the possession, custody or control of the party upon whom the request is served." *Id.* 34(a). The response shall state that inspection and related activities will be permitted as requested, unless

the request is objected to, in which case the reasons for objection shall be stated. *Id.* 34(b). The party submitting the request may move for an order under Rule 37(a) with respect to any failure to respond. *Id.*

Additionally, the Rules provide that a party may serve upon any other party a written request for the admission of the truth of any relevant and not privileged matter. *Id.* 36(a). "The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . ." *Id.* The party that has requested the admissions may move to determine the sufficiency of the answers, and if the "court determines that an answer does not comply with the requirements of the rule, it may order either that the matter is admitted or that an amended answer be served." *Id.*

Here, Plaintiffs have alleged that Defendant failed to respond in any manner to any of their discovery requests. Defendant was given an opportunity to respond to this allegation, but failed to do so. Thus, the pleadings convince this court that Defendant has indeed failed to respond to any of Plaintiffs' discovery requests, failed to properly object to any of the requests, and failed to allege good cause for her failure to object.[1] Therefore, Defendant shall be required to respond to all of Plaintiffs' discovery requests.

Finally, Plaintiffs have requested sixty days from this date to complete discovery and ninety days to file dispositive motions. As the discovery deadline is currently January 8, 2007, and the dispositive motion deadline is currently February 5, 2007 (*see* Doc. 28), it does not appear necessary to extend the deadlines at this time.

Accordingly, it is **ORDERED**:

1. Plaintiffs' motion (Doc. 22) is **GRANTED in part and DENIED in part**. Plaintiffs' motion to deem requests for admission admitted is **DENIED**. Plaintiffs' motion to compel responses to interrogatories, requests for production of documents and things, and request for admission is **GRANTED**. Plaintiffs' motion for extension of discovery deadlines is **DENIED**.

---

[1] Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown. Fed. R. Civ. R. 33(b)(4).

Case No.: 3:06cv34/MCR/EMT

      2.      Defendant shall respond to Plaintiffs' discovery requests within **FIFTEEN (15) DAYS** of the date of docketing of this order.

**DONE AND ORDERED** this 31<u>st</u> day of October 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**