IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UMG RECORDINGS, INC., et al.,
    Plaintiffs,

vs.                                            Case No.: 3:06cv34/MCR/EMT

DEANNA GIBSON,
    Defendant.
                                  /

**REPORT AND RECOMMENDATION**

        This cause is before the court upon Plaintiffs' Motion for Sanctions and Default Judgment, or in the alternative, Motion to Deem Requests for Admission Admitted (Doc. 30). On January 3, 2007, the court ordered Defendant to respond to Plaintiffs' motion or before January 23, 2007 (Doc. 33). The time for responding to the motion has elapsed with no response from Defendant.

        Plaintiffs request that this court strike "Defendant's Answer [Doc. 18] in its entirety and enter default judgment if favor of Plaintiffs," pursuant to Federal Rules of Civil Procedure 37(b)(2)(C), 37(d), and 55(a) (Doc. 30 at 1). Alternatively, Plaintiffs request that their Requests for Admissions be deemed admitted and Plaintiffs be allowed to move for summary judgment based "on said deemed admissions" (*id.*).

        Rules 37(b)(2) and (b)(2)(C) provide, in pertinent part, that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . or if a party fails to obey an order entered under Rule 26(f) [requiring the parties to confer], the court in which the action is pending may make such orders in regard to the failure as are just," including an order striking out pleadings, dismissing the action, or rendering a judgment by default against the disobedient party. Under Rule 37(d), a party that fails to respond to properly served interrogatories is subject to similar sanctions. Finally, Rule 55(a)

provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." A court may enter a judgment by default pursuant to Rule 55(b), provided that the party against whom judgment is sought has been provided written notice of the application for default, as was done in the instant case.

In support of their motion, Plaintiffs have attached exhibits demonstrating Defendant's failure to participate in discovery as required (*see* Doc. 30, Exs. A–C). For example, Defendant failed to respond to Plaintiffs' interrogatories, requests for production, and requests for admissions. Because Defendant failed to respond, Plaintiffs filed a motion to deem admissions admitted, or alternatively, to compel discovery responses (*see* Doc. 22). Defendant was directed to respond to Plaintiffs' motion (*see* Doc. 23), but Defendant failed to do so. Thus, Plaintiffs' motion was granted to the extent it sought an order compelling Defendant to respond, and Defendant was ordered to respond to Plaintiffs' discovery requests on or before November 15, 2006 (*see* Doc. 29). As of December 7, 2006, the date Plaintiffs filed the instant motion for default judgment, Defendant failed to respond to any of Plaintiffs' discovery requests as ordered by this court, and the court has no reason to believe that Defendant has responded in any way to date.

Additionally, the court notes that Defendant failed to participate in the parties' planning meeting as directed by the court, requiring Plaintiffs to file a Motion for Leave to file Unilateral Report of Rule 26(f) conference, which was granted (*see* Docs. 26, 27, 28).

Based on the foregoing, this court concludes that a default judgment is the appropriate sanction for Defendant's failure to comply with this court's orders, as well as the Federal Rules of Civil Procedure. The alternative, that Plaintiffs' requests for admissions be deemed admitted and Plaintiffs be allowed to move for summary judgment based on the admissions, would be a waste of judicial resources in light of Defendant's complete failure to defend the underlying lawsuit. Thus, it is recommended that Defendant's answer be stricken and Plaintiffs' proposed judgment of default be entered against Defendant.[1]

---

[1] The proposed judgment of default was apparently provided via e-mail to the office of the district judge assigned to this case. It was, in turn, forwarded to the office of the undersigned.

Accordingly, it is respectfully **RECOMMENDED** that the following order be entered by the district court:

1. Defendant's answer (Doc. 18) is stricken pursuant to Fed. R. Civ. P. 37(b)(2)(C). Furthermore, Defendant's answer having been stricken, Defendant is adjudged to be in default.

2. Plaintiffs are awarded the minimum statutory damages of $750.00 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the sound recordings listed in Exhibit A of the Complaint. Thus, having been adjudged to be in default, Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of $4,500.00.

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

"The Real Slim Shady" on "The Marshall Mathers LP" by Eminem (SR # 287-944);

"Don't Be Stupid" on "Come On Over" by Shania Twain (SR #243-502);

"I Feel Lucky" on "Come On Come On" by Mary Chapin Carpenter (SR #145-470);

"She's Got It All" on "I Will Stand" by Kenny Chesney (SR #238-371);

"Song of the South" on "Southern Star" by Alabama (SR #100-925);

"No Scrubs" on "Fanmail" by TLC (SR #298-454);

and in any other sound recording, whether now in existence of later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody or control.

At Pensacola, Florida, this 1st day of February 2007.

Case No.: 3:06cv34/MCR/EMT

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**